IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CT-3132-D

| | |
|---|---|
| MAECHEL S. PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MITCHELL D. NORTON (D.A.), et al., ) | |
| ) | |
| Defendants. ) | |

On May 28, 2013, Maechel S. Patterson ("plaintiff" or "Patterson"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 against a county district attorney, his former criminal defense attorney, investigators, a deputy sheriff, and the North Carolina Attorney General [D.E. 1]. Patterson proceeds in forma pauperis [D.E. 4]. On March 4, 2014, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A and dismissed it as frivolous [D.E. 5]. On March 21, 2014, Patterson filed a document which the court construed as a motion for reconsideration [D.E. 7]. On April 22, 2014, in response to the court's order, Patterson filed a supplement to his motion for reconsideration [D.E. 8, 9].

On October 28, 1999, in Beaufort County Superior Court, a jury convicted Patterson of first-degree murder and the trial court sentenced Patterson to life in prison. State v. Patterson, 146 N.C. App. 113, 115, 552 S.E.2d 246, 250 (2001). On May 28, 2013, Patterson filed this civil rights complaint alleging that defendants were "all involved in a conspiracy to falsely present, execute, prosecute and uphold [his criminal] conviction based upon evidence obtained unconstitutionally." Compl. [D.E. 1] 2–3; see [D.E. 5] 2; Mem. Supp. Mot. Reconsider [D.E. 9] 1. In dismissing

Patterson's complaint, the court found that Heck v. Humphrey, 512 U.S. 477, 486–87 (1994), barred his request for monetary damages because his conviction had not been reversed or otherwise invalidated. [D.E. 5] 3. The court also found that Patterson had named defendants who are immune from or otherwise not amenable to suit, that Patterson's claims were time-barred, and that the court could not convert Patterson's complaint to a habeas petition. Id. 3–5.

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). None of these reasons is applicable here.

Patterson seeks to avoid dismissal by amending his complaint to dismiss any claim against the immune defendants while proceeding with a claim against Sheriff Jordan and several deputies concerning a warrantless search. Mem. Supp. Mot. Reconsider 1–2. Patterson specifically asserts that the "evidence seize[d] . . . help[ed] convict Patterson" at trial. Id. 3. Patterson's proposed amendment does not save his complaint from Heck's bar because Patterson alleges no injury other than his conviction. See Bishop v. Cnty. of Macon, 484 F. App'x 753, 756 (4th Cir. 2012) (per curiam) (unpublished); Hunt v. Michigan, 482 F. App'x 20, 21–22 (6th Cir. 2012) (per curiam) (unpublished), cert. denied, 133 S. Ct. 1999 (2013); Baldwin v. O'Connor, 466 F. App'x 717,

2

717–18 (10th Cir. 2012) (unpublished). Thus, the court denies the motion.

Alternatively, to the extent that plaintiff requests relief under Rule 60(b) of the Federal Rules of Civil Procedure, the motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotation omitted). If a party meets these threshold conditions, the party must then "satisfy one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266. Patterson has not made the requisite threshold showings and therefore is not entitled to relief under Rule 60(b).

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 7].

SO ORDERED. This _6_ day of November 2014.

JAMES C. DEVER III
Chief United States District Judge

3

Case 5:13-ct-03132-D   Document 10   Filed 11/06/14   Page 3 of 3